W. John Gundlach, Jr., Fort Lauderdale, Fla., for trustee.

Ian M. Comisky, West Palm Beach, Fla., for Sunrise Bank.

Daniel Bakst, West Palm Beach, Fla., Trustee.

Angus Campbell, West Palm Beach, Fla., for Scarpa.

**In re OCEAN DEVELOPMENTS OF AMERICA, INC., Silvio De Lindegg, Debtors.**

**Daniel BAKST, Trustee, Plaintiff,**

**v.**

**Adela Alicia SCARPA and Sunrise Savings & Loan Association of Florida, Defendants.**

**Bankruptcy Nos. 82–00757–BKC–TCB, 82–00758–BKC–TCB.**

**Adv. No. 82–0568–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Sept. 14, 1982.

ORDER DENYING RECONSIDERATION

THOMAS C. BRITTON, Bankruptcy Judge.

The defendant, Sunrise, (C.P. No. 56) and a witness, James Wearn (C.P. No. 57) filed separate motions for reconsideration of the Memorandum Decision of August 25. 22 B.R. 834 (C.P. No. 51). The motions were heard on September 7.

The Memorandum Decision incorporated findings and conclusions as authorized by B.R. 752(a) incident to the Judgment of August 25 which resolved this adversary proceeding. That Judgment (C.P. No. 52) declared a certain conveyance of real property by the debtor to be fraudulent under 11 U.S.C. § 548(a) and, therefore, void. The complaint was dismissed with prejudice as to the defendant, Sunrise.

Sunrise, of course, takes no exception to the Judgment in its favor nor any part of the findings or conclusions other than the reference to the witness Robinson in the following statement:

"In reaching the foregoing and following factual findings I have believed the witnesses Bryant, Sammit, Encizo and Jacoby. Where the testimony of Robinson and Wearn conflicts, I believe they have lied."

Sunrise asks that the reference to Robinson (one of Sunrise's directors) be deleted as "not essential to [the] holding in this matter."

Wearn requests an "opportunity to present evidence before the Court for the purpose of showing the Court that he did not lie; and that he had no intention of effecting a fraud on the creditors . . .".

The testimony of these two witnesses was in certain material respects in direct conflict with that of the witness Bryant, a former F.B.I. agent reemployed to assist in the investigation of the debtor corporation. It was necessary, therefore, for me to resolve the conflict. I did so on the basis of the evidence before me.

Rules 59 and 60(b), *Fed.R.Civ.P.,* made applicable here by B.R. 923 and 924, are controlling. The judgment may not be set aside and the matter retried except upon a ground provided by these Rules. The evidence proffered is admittedly not "newly discovered evidence". It is not argued that there was a manifest miscarriage of justice. There is no basis under either Rule for me to now hear additional evidence. 11 Wright & Miller, *Federal Practice and Procedure: Civil* §§ 2808, 2859 and 2864. The proffered evidence has been rejected. The motions are denied.